IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

---

| | |
|---|---|
| REID BIGLAND, | : |
| Plaintiff, | : |
| v. | : No. 2:19-cv-11659 |
| FCA NORTH AMERICA HOLDINGS, LLC; FCA US LLC; FIAT CHRYSLER AUTOMOBILES, N.V., | : |
| Defendants. | : |

---

## NOTICE OF REMOVAL

Defendants FCA North America Holdings LLC and FCA US LLC (collectively "Defendants"), through their undersigned counsel, hereby give notice and remove this action, and all claims and causes of action therein, from the Circuit Court for the County of Oakland, Michigan, to the United States District Court for the Eastern District of Michigan. This removal is made pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Defendants appear for the purpose of removal only and for no other purpose, and reserve all available rights and defenses.[1]

---

[1] *E.g.*, *Full Spectrum Sols., Inc.* v. *Harmony Lighting, Inc.*, 2007 WL 1218719, at *1 (E.D. Mich. Apr. 23, 2007) ("a defendant does not waive objections

## STATEMENT OF JURISDICTION

1.  This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and which may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 for the reasons set forth below.

## THE REMOVED ACTION

2.  On May 24, 2019, Plaintiff Reid Bigland filed a Summons and Complaint in the Circuit Court for the County of Oakland, Michigan, which was assigned Case No. 2019-174165-CD (the "State Court Action").

3.  FCA North America Holdings LLC ("FCA North America") and FCA US LLC ("FCA US") were served on May 30, 2019 in the State Court Action. Defendants understand that Fiat Chrysler Automobiles N.V. ("FCA N.V.") has not been properly served in the State Court Action. Defendants have not answered or otherwise responded to the Complaint. Defendants are not aware of any further proceedings regarding the State Court Action.

4.  True and correct copies of the Complaint, Summonses, and Proof of Service are attached hereto as Exhibits A, B, and C, respectively. Other than these documents, no pleadings, process, orders or other documents have been filed in the State Court Action.

---

to service of process or personal jurisdiction by removing a state court action to federal court"); 28 U.S.C. § 1448.

5.      The Complaint purports to assert claims under Michigan's Whistleblowers' Protection Act, M.C.L. § 15.361 *et. seq.* and for violation of Michigan public policy and unjust enrichment related to Defendants' alleged decision to "defer" Plaintiff's "Long Term Incentive" shares and an annual bonus "for 2018" pending an ongoing investigation by the U.S. Securities & Exchange Commission ("SEC") regarding "Defendants' former monthly sales reporting practices." (Compl. ¶¶ 1, 42, 49-53, 63, 69.)

6.      As the basis for these claims, Plaintiff alleges that Defendants withheld his 2018 "Long Term Incentive" stock payout, special dividends, and an annual bonus in purported retaliation for his "participat[ion] in the SEC's investigation." (*Id.* ¶¶ 62-69, 73.)  Although Plaintiff portrays himself as a "Whistleblower" (*id.* ¶ 1), he acknowledges in his Complaint that Defendants—not Plaintiff—"self-reported" the sales reporting issue to the SEC. (*Id.* ¶ 45.)  Plaintiff also alleges that his testimony before the SEC was not voluntary, but rather had been "requested by the SEC." (*Id.* ¶¶ 49-50.)  Plaintiff further alleges that the SEC "suggested to Plaintiff that he admit to some wrongdoing as to Defendants' monthly sales reporting." (*Id.* ¶ 53.)

7.      Plaintiff is subject to agreements with Defendants that provide for mandatory arbitration of claims concerning the terms of the "Long Term Incentive" Plan at issue here, together with an exclusive forum selection clause that

designates the U.S. District Court for the District of Delaware as the exclusive jurisdiction for disputes regarding, among other things, motions to compel arbitration. Accordingly, Defendants intend to move to transfer this action to the U.S. District Court for the District of Delaware under 28 U.S.C. § 1404(a), and then to compel arbitration.[2]

## PROCEDURAL ISSUES

8.  Removal is timely under 28 U.S.C. § 1446(b). FCA North America and FCA US were served on May 30, 2019 and are therefore removing within the 30-day period set by 28 U.S.C. § 1446(b). Defendants understand that FCA N.V. has not been properly served in this matter, and thus "the 30-day removal period under § 1446 never commenced" for FCA N.V. *Dernis* v. *Amos Fin.*, 701 F. App'x 449, 453 (6th Cir. 2017); *see also Murphy Bros.* v. *Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). Although Plaintiff purports to have served FCA N.V. by serving its supposed "registered agent" in Michigan (*see* Ex. C), Defendants understand that FCA N.V. does not have a registered agent in Michigan. (*See* https://cofs.lara.state.mi.us/corpweb/CorpSearch/CorpSearch.aspx

---

[2] As one court in this Circuit recently noted, "mandatory arbitration clauses and forum-selection clauses" are "complementary," by, for example, specifying the jurisdiction for "ancillary proceedings" regarding "judicial enforcement of arbitration." *Branch* v. *Mays*, 265 F. Supp. 3d 801, 805 (E.D. Tenn. 2017); *see also Sharpe* v. *AmeriPlan Corp.*, 769 F.3d 909, 916 (5th Cir. 2014) (a forum-selection clause "has effect in determining where any lawsuit—even one that may result in an order compelling arbitration—must be brought.").

(showing no entry for FCA N.V.).) None of the Defendants has previously filed a Notice of Removal of this matter in this Court.

9. Pursuant to 28 U.S.C. § 1446(b)(2), all "*properly . . . served*" defendants "join in or consent to the removal of the action." *Id.* (emphasis added). Because FCA N.V. has not been properly served in this matter, Defendants "were not required to obtain [its] concurrence in the removal." *Miller* v. *Pathway Fin.*, 2013 WL 1821252, at *1 n.1 (E.D. Mich. Apr. 30, 2013). Nonetheless, Defendants have been authorized to inform the Court that FCA N.V. consents to this removal.

10. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the U.S. District Court for the district where the State Court Action is pending. The Circuit Court of Oakland County, Michigan is located within the Eastern District of Michigan.[3]

## JURISDICTION IS PROPER UNDER SECTION 1332(a)

11. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), which grants federal district courts original jurisdiction of all civil

---

[3] Even where a forum-selection clause governs a dispute, as here, a state court action may be removed only "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see Kerobo* v. *Sw. Clean Fuels, Corp.*, 285 F.3d 531, 534 (6th Cir. 2002) (same). Thus, as the Supreme Court has explained, the parties' forum-selection clause "does not render venue in [this] court 'wrong' or 'improper.'" *Atl. Marine Constr. Co.* v. *Dist. Court*, 571 U.S. 49, 59 (2013). Instead, "the [forum-selection] clause may be enforced through a motion to transfer under § 1404(a)." *Id.*

actions where (1) the action is between "citizens of different States" or "citizens of a State and citizens or subjects of a foreign state," and (2) the amount in controversy exceeds "$75,000, exclusive of interest and costs." As set forth below, this action satisfies both requirements and thus removal is proper pursuant to 28 U.S.C. § 1441.

### A. *Complete Diversity of Citizenship Exists*

12. Diversity of citizenship exists when a suit is between "citizens of different States" or "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1)–(2).

13. Section 1332(a) requires "complete diversity" of citizenship, which is established when a "suit [is] between 'citizens of a State and citizens or subjects of a foreign state.'" *Ruhrgas AG* v. *Marathon Oil Co.*, 526 U.S. 574, 580 n.2 (1999).

14. **Plaintiff.** Plaintiff alleges that he is a "citizen of Oakland County, Michigan." (Compl. ¶ 2.)

15. **FCA N.V.** FCA N.V. is a foreign corporation organized and existing under the laws of the Netherlands with its principal place of business in London, United Kingdom. (Declaration of Shavan M. Giffen ("Giffen Decl.") ¶¶ 4-6 (Exhibit D).) For purposes of diversity jurisdiction, a foreign corporation is deemed a citizen of (i) the "foreign state by which it has been incorporated," and (ii) the "State or foreign state where it has its principal place of business." 28

U.S.C. § 1332(c)(1). Thus, FCA N.V. is a citizen of the Netherlands and the United Kingdom.

16. **FCA North America.** FCA North America is a limited liability company. For the purposes of diversity jurisdiction, "a limited liability company has the citizenship of each of its members." *Delay* v. *Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). FCA North America's sole member is FCA N.V., a citizen of the Netherlands and the United Kingdom. (Giffen Decl. ¶¶ 3-4.) Thus, FCA North America is a citizen of the Netherlands and the United Kingdom.

17. **FCA US.** FCA US is also a limited liability company. FCA US's sole member is FCA North America. (Giffen Decl. ¶¶ 2-3.) Because FCA US's citizenship is determined by that of its sole member, FCA North America, FCA US therefore is also a citizen of the Netherlands and the United Kingdom. *See Curtis* v. *FCA US, LLC*, 2019 WL 1589746, at *1 (N.D. Ill. Apr. 12, 2019) (FCA US "is a citizen of The Netherlands and England for diversity jurisdiction purposes"); *Petropolous* v. *FCA US, LLC*, 2017 WL 2889303, at *5 (S.D. Cal. July 7, 2017) (same; collecting cases involving Defendants).

18. Accordingly, as indicated in the chart below, all three named defendants are citizens of the Netherlands and the United Kingdom for purposes of diversity jurisdiction:



19. Because Plaintiff is a citizen of Michigan, and all three named defendants are citizens of the Netherlands and the United Kingdom, there is complete diversity of citizenship in this action as required by Section 1332(a)(2).

**B.     *Amount In Controversy Exceeds $75,000***

20. Section 1332(a) also requires that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs."

21. Plaintiff alleges that he is "a dedicated, high performing employee of what is now Defendant Fiat Chrysler Automotive, N.V.," and currently holds several "major executive positions," including "Chairman, President, and CEO of

Fiat Chrysler Canada; Head of US Sales; Head of US Fleet; and Global Head of the Ram Brand." (Compl. ¶¶ 7, 21, 26.) He also "currently serves as a member" of several Committees. (*Id.* ¶ 27.) For example, Plaintiff alleges that he was "an original member of the Group Executive Council and Group Product Committee," which "are the highest executive decision-making bodies in the company." (*Id.* ¶ 15.)

22.     Plaintiff alleges that his compensation consists of "three components": (1) "base pay," (2) "an annual bonus," and (3) "a 'Long Term Incentive' (stock payout) payment," which includes "special dividends payable on the[] shares." (Compl. ¶¶ 31, 69.)

23.     Plaintiff seeks, among other things, "compensatory" and "exemplary damages" resulting from Defendants' allegedly improper "withhold[ing]" of his 2018 "annual bonus, 'Long Term Incentive' payout, and special dividends." (Compl. ¶¶ 28, 78, 89, 92, 98, Relief Requested.) Plaintiff asserts that these damages amount to "more than 90% of his total compensation for the year 2018." (*Id.* ¶ 97.) Although Plaintiff avoids identifying the total amount of claimed damages, Plaintiff asserts that the allegedly improperly withheld "special dividends" *alone*—that is, not counting the Long Term Incentive payout or annual bonus—amount to "approximately ***$1.8 million***." (*Id.* ¶ 69 (emphasis added).)

24. These allegations are enough to put the amount in controversy in excess of $75,000. *See Dart Cherokee Basin Operating Co.* v. *Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the [$75,000] jurisdictional threshold."); *White* v. *Medtronic, Inc.*, 2018 WL 7858100, at *2 (E.D. Mich. June 22, 2018) ("Whether or not the plaintiff will *actually recover* an amount above $75,000 is irrelevant. What matters is the plaintiff's good faith claim for damages and whether the value of that claim exceeds the jurisdictional threshold." (emphasis in original)).[4]

### NOTICE TO ADVERSE PARTY AND STATE COURT

25. Pursuant to 28 U.S.C. § 1446(d), Defendants are serving written notification of the removal of this case on Plaintiff's counsel (identified below):

> Deborah L. Gordon
> DEBORAH GORDON LAW
> 33 Bloomfield Hills Parkway, Suite 220
> Bloomfield Hills, MI 48304

26. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a Notice of Filing Notice of Removal, attaching a copy of this Notice of Removal, with the Circuit Court of Oakland County, Michigan.

---

[4] Defendants do not concede or admit, in any fashion, that any claims for such amount, or any amounts, have legal or factual merit, and reserve all rights and defenses to such claims.

\* \* \*

27. Defendants reserve the right to submit additional evidence in support of the Notice of Removal, including as may be necessary to address and refute any contentions set forth in a motion to remand.

## CONCLUSION

Pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, Defendants hereby remove this action from the Circuit Court of Oakland County, Michigan to the U.S. District Court for the Eastern District of Michigan.

Respectfully submitted,

*/s/ Julia M. Jordan*

Thomas W. Cranmer (P25252)
MILLER, CANFIELD, PADDOCK & STONE, PLC
840 West Long Lake Road, Suite 150
Troy, Michigan 48098-6358
Tel: (248) 879-2000
*cranmer@millercanfield.com*

Julia M. Jordan (N.Y. 2814952)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, D.C. 20006-5215
Tel: (202) 956-7500
*Jordanjm@sullcrom.com*

Jacob E. Cohen (N.Y. 4787271)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
Tel: (212) 558-4000
*Cohenja@sullcrom.com*

*Counsel for Defendants*
*FCA North America Holdings LLC and FCA US LLC*

June 5, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2019, I presented the foregoing to the Clerk of the Court for filing and uploading to the electronic court filing system and I also certify that I have mailed by United States Postal Service the documents to the following individual:

> Deborah L. Gordon (P27058)
> 33 Bloomfield Hills Parkway, Suite 220
> Bloomfield Hills, Michigan  48304

> */s/ Julia M. Jordan*
> Julia M. Jordan (N.Y. 2814952)
> SULLIVAN & CROMWELL LLP
> 1700 New York Avenue, N.W.,
> Suite 700
> Washington, D.C. 20006-5215
> Tel:  (202) 956-7500
> *Jordanjm@sullcrom.com*
>
> *Attorneys for Defendants FCA North America Holdings LLC and FCA US LLC*

33777440.1\088888-02778